IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVADOR BETETA RAMIREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  25-7316 |
| | : | |
| JL JAMISON, ICE PHILADELPHIA FOD BRIAN MCSHANE, TODD LYONS, KRISTI NOEM, US DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL PAMELA BONDI | : : : : : : | |

# ORDER

**AND NOW**, this 5th day of January, 2026, upon consideration of petitioner Salvador Beteta-Ramirez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (DI 1), and the government's response (DI 6), it is **ORDERED** that Mr. Ramirez's petition is **GRANTED** for the reasons that follow:

1. Mr. Beteta-Ramirez is a native citizen of Guatemala seeking cancellation of removal for non-lawful permanent residents under § 240(A)(b)(1) of the Immigration and Nationality Act (INA).[1]  *See* DI 1 at 2.  He entered the United States before 2007, was not initially detained by immigration officials, and the Department of Homeland Security has not filed a notice for Mr. Beteta-Ramirez to appear.  *Id.*

2. On December 19, 2025, Mr. Beteta-Ramirez was taking his 6-year-old child to school when he was arrested by ICE officers in Delaware County, Pennsylvania.  *Id.*  Mr. Beteta-Ramirez has been detained without a stated justification for his detention at the Federal Detention Center in Philadelphia.  *Id.* at 2-3.

---

[1] For purposes of responding to Mr. Beteta-Ramirez's habeas petition, the government does not dispute the facts or characterizations thereof stated in the petition other than any claim that Mr. Beteta-Ramirez was "admitted" to the United States.  DI 6 at 2.

3. Section 1226 of the INA, titled "Apprehension and detention of aliens," applies to aliens already in the United States and gives the Attorney General discretion to detain an alien or release them on bond pending a decision on the alien's removal. 8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019). If detained, the alien may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community. 8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

4. By contrast, Section 1225 of the INA, "Inspection of aliens," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

5. On September 15, 2025, the Board of Immigration Appeals issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025). Under the BIA's *Hurtado* decision, BIA concluded that resident aliens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render aliens present in the United States ineligible to be released on bond. *Id.* The government argues that in light of the *Hurtado* decision, Mr. Beteta-Ramirez is not entitled to a bond hearing. DI 6 at 17-18. We cannot agree.

6. As the government acknowledges, the "vast majority" of courts confronted with this issue "have rejected the government's position," including all 42 decisions from judges in

2

this district. *Id.* at 1 & n.1.[2] We adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein. See, e.g., *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 31716392 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, et al., No. 25-cv-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, et al., No. 25-cv-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv6376, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v.*

---

[2] As of November 18, 2025, 282 of 288 district court decision addressing this issue had rejected the position the government advances here. *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 at *1 (E.D. Pa. Nov. 18, 2025) (Diamond, J.) (compiling cases) (citations omitted).

*Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809, 2025 WL 3530075 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458, 2025 WL 3527528 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J).

7. Accordingly, if Mr. Beteta-Ramirez is subject to detention at all, it is under 8 U.S.C. § 1226(a). The Government shall **RELEASE** Mr. Beteta-Ramirez from custody immediately and certify compliance with this Order by filing on the docket no later than 5:00 p.m. ET on Tuesday, January 6, 2025;

8. The Government is temporarily enjoined from re-detaining Mr. Beteta-Ramirez for seven days following his release from custody;

9. If the Government chooses to pursue re-detention of Mr. Beteta-Ramirez after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

10. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Beteta-Ramirez from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Beteta-Ramirez is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the

court to move Mr. Beteta-Ramirez if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Beteta-Ramirez.

11. Having granted his petition, Mr. Beteta-Ramirez's motion for a temporary restraining order and preliminary injunction are **DENIED** as moot.

_____<br>MURPHY, J.